UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEWITT LEWIS, ET AL**                                         **CIVIL ACTION**

**VERSUS**                                                       **NO. 10-3026**

**HANOVER INSURANCE GROUP**                              **SECTION "K"(2)**

## ORDER AND REASONS

Before the Court is defendant The Hanover Insurance Company's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c) (Rec. Doc. 23).

### I. BACKGROUND

Plaintiffs commenced this action by filing a complaint on September 12, 2010. Plaintiff Dewitt Lewis alleged that his property located at 11271 Fernley Drive in New Orleans, Louisiana was damaged by Hurricane Katrina on August 29, 2005. Plaintiffs Mr. and Mrs. James A. Wilson also alleged that their property located at 2530 Fourth Street in Kenner, Louisiana was damaged by Hurricane Katrina.

Plaintiffs alleged that their insurer, Hanover Insurance Company ("Hanover"), failed to pay their claims under their respective homeowner's insurance policies. The Court granted a consent motion to stay these proceedings pending ruling in the case then pending before the Louisiana Supreme Court (Rec. Docs. 5, 6). Defendant recently moved to reopen the case on grounds that recent decisions by the United State Court of Appeals for the Fifth Circuit and the

Louisiana Supreme Court resolved prescription issues in defendants favor and the defendant wished to move for dismissal on that basis (Rec. Doc. 15).

## II. LAW AND ANALYSIS

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.* 528 F.3d 413, 2008 WL 2068064, at 3* (5th Cir.2008) (citations omitted). For both a Rule 12(b)(6) motion to dismiss and Rule 12(c) motion for judgment on the pleadings, this Court is restricted to looking only "at the pleadings and accept[ing] all allegations in them as true." *Cuvillier v. Taylor*, 503 F.3d 397, 402 (5th Cir. 2007), quoting *St. Paul Ins. Co. v AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

Plaintiffs did not file their complaint until September 12, 2010. The deadline for filing claims against an insurer related to losses from Hurricane Katrina expired on September 1, 2007. Thus, it is obvious from the face of the petition that plaintiffs' claims are prescribed unless prescription was somehow suspended, interrupted or tolled. Defendant argues that the Fifth Circuit in *McGee v. State Farm Fire and Cas. Co.*[1] and the Louisiana Supreme Court in *Quinn v. La. Citizens Prop. Ins. Corp.*[2] removed the plaintiffs' only argument for suspension of the prescription by holding that federal putative class actions do not operate to suspend prescription under article 596 of the Louisiana Code of Civil Procedure.

The only putative class actions against Hanover were filed in federal court. Defendant argues that under *McGee* and *Quinn* no bases exists for suspension of prescription on the instant

---

[1] 2013 WL 702702 (C.A.5 (La.)).

[2] 2012 WL 5374255 (La. 2012).

claims. The Court agrees plaintiffs presented no basis for finding that prescription was interrupted, suspended, or tolled for any reason. The Court also notes that Judge Vance in *James v. Hanover Insurance Company*[3] and Judge Engelhardt in *Herring v. Metropolitan Property & Casualty Insurance Company*[4] arrived at the same conclusion. Moreover, as Judge Vance stated in *James*:

> "To the extent that plaintiffs mean to suggest that they qualify as class members because they were *eligible* to receive benefits under that program at some point in the past, this argument must fail. Because plaintiffs have not alleged that they applied for benefits before the July 31, 2007 deadline, they are not – and never were – members of a class comprising "[a]ll current and former citizens of the State of Louisiana who applied for and received or will receive funds through The Road Home Program."[5] Accordingly, the filing of the *Road Home* class action could not suspend prescription of plaintiffs' claims under Article 596. See *McGee v. State Farm Fire & Cas. Co.*, 2013 WL 702702, at *1 (5th Cir. Feb 26, 2013) (affirming district court's conclusion that prescriptive period for plaintiffs' suit against insurer for Katrina-related damages was not suspended by the filing of the *Road Home* class action because plaintiffs "were neither members of [,] nor had claims related to [,] the class action in *Road Home*").

*James*, at *4. Accordingly,

---

[3] 2013 WL 3728279 (E.D.La.).

[4] 2013 WL 3893282 (E.D.La.).

[5] *Louisiana State et al. v. AAA Insurance et al.*, No. 2:07-cv-05528, R. Doc. 1-1 at 21.

**IT IS ORDERED** that Hanover's Motion for Dismissal under Rule 12 (c) Rec.  Doc.  23) is **GRANTED** dismissing all claims against it urged by plaintiffs herein

**IT IS FURTHER ORDERED** that judgment will be entered accordingly.

New Orleans, Louisiana, this 15th day of January, 2014.

                                                STANWOOD R. DUVAL, JR.
                                          UNITED STATES DISTRICT JUDGE